NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ARMANDO BATZ PACHECO, aka Gilbert Garcia Ventura | No. 17-70945 |
| Petitioner, | Agency No. A205-721-169 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022**
San Francisco, California

Before: BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Miguel Armando Batz Pacheco, a.k.a. Gilbert Garcia Ventura, a native and

citizen of Guatemala, petitions for review of the Board of Immigration Appeals'

(the "BIA") denial of his asylum application and requests for withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and relief under the Convention Against Torture ("CAT"). Before us, Batz Pacheco raises four issues. He asserts that the agency erred (1) in not finding an exception to the one-year filing deadline for an asylum application; (2) in holding that he did not testify credibly; (3) in determining that he had not established a well-founded fear of future persecution on account of an enumerated ground; and (4) in finding that he had not established eligibility for relief under the CAT. We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we dismiss in part and deny in part.

**1.** Batz Pacheco has not shown that the BIA erred in upholding the finding by the Immigration Judge ("IJ") that he was statutorily ineligible for asylum because his application was untimely. An asylum application must be filed within a year of a noncitizen's entry into the United States, 8 U.S.C. § 1158(a)(2)(B), unless the applicant shows "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). Batz Pacheco entered the United States in 2006 and did not file his application for asylum until 2014. The agency did not credit Batz Pacheco's evidence concerning his claim of changed circumstances. We lack jurisdiction to review the agency's denial of relief from the one-year time limit based on its resolution of this disputed issue of fact. *See Ramadan v. Gonzales*, 479 F.3d 646,

649–54 (9th Cir. 2007) (holding that, under 8 U.S.C. § 1252(a)(2)(D), review of changed circumstances determinations is limited to questions of law, including the application of law to undisputed facts); *see also Patel v. Garland*, 142 S. Ct. 1614, 1623 (2022) (reaffirming that "judicial review of factfinding is unavailable" under § 1252(a)(2)(D)). We therefore dismiss this aspect of the petition for lack of jurisdiction.

**2.** Batz Pacheco's challenge to the IJ's adverse credibility finding is not persuasive. We review the agency's "factual findings, including adverse credibility determinations, for substantial evidence." *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020) (citing *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013)). We must uphold an adverse credibility determination "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam). There is no presumption that an applicant is credible and the IJ may base an adverse credibility determination on the totality of the circumstances. *Manes*, 875 F.3d at 1263. Accordingly, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

Batz Pacheco asserts that the IJ should have recognized that he struggles to

3

recall exact dates and times, particularly when placed in a stressful situation. His nervousness might be one reason for his confused testimony, but it does not explain his vague details about the alleged robberies and the inconsistencies between his testimony and his brother's testimony concerning his father's alleged beating. Substantial evidence supports the IJ's adverse credibility determination.

**3.** Batz Pacheco's third claim, that the BIA erred in determining that he had not established a well-founded fear of future persecution on account of belonging to a particular social group, is also not persuasive. To qualify for withholding of removal, he must prove that his "life or freedom would be threatened" if he is returned to Guatemala because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see also Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (holding that a petitioner must show that it is more likely than not that he would be subject to persecution on account of a protected ground). Accepting that a family could be a protected group, the agency reasonably determined that Batz Pacheco was not targeted for recruitment because of his family and there was no evidence that his family was targeted based on family membership as other families were similarly targeted for robbery.

**4.** Finally, Batz Pacheco has not shown that he is eligible for relief under the CAT. To qualify for relief, he must establish that that "it is more likely than not

4

that he or she would be tortured if removed to the proposed country of removal."

*Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting

8 C.F.R. § 208.16(c)(2)). The applicant must also show that torture will be by

public officials or instigated with their consent or acquiescence. *Id*. (citing

*Tamara-Gomez v. Gonzalez*, 447 F.3d 343, 351 (5th Cir. 2006)). Batz Pacheco has

not been a victim of torture in the past and substantial evidence supports the

agency's determination that he failed to show that he is likely to be tortured by

public officials, or with their acquiescence, in the future. Further, he previously

safely relocated in Guatemala and has not shown that he could not do so in the

future.

      The petition for review is **DISMISSED in part and DENIED in part.**